UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA MARIE SMITH,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

                             /

Case No. 2:21-cv-10093

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
OVERRULING PLAINTIFF'S OBJECTION [19],
ADOPTING REPORT AND RECOMMENDATION [18],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [15],
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [16]**

The Commissioner of the Social Security Administration ("SSA") denied Plaintiff Amanda Marie Smith's application for supplemental security income and disability insurance benefits in a decision issued by an Administrative Law Judge ("ALJ"). ECF 12, PgID 69–83. After the SSA Appeals Council declined to review the ruling, Smith appealed. ECF 1; ECF 12, PgID 58–60. The Court referred the matter to Magistrate Judge Elizabeth Stafford,[1] ECF 4, and the parties filed cross-motions for summary judgment. ECF 15; 16. The magistrate judge issued a report and recommendation ("Report") suggesting that the Court deny Smith's motion and grant the Commissioner's motion. ECF 18. Smith timely filed an objection to the Report. ECF 19. After examining the record and considering Smith's objection de novo, the

---

[1] The case was reassigned to Magistrate Judge Jonathan J.C. Grey on September 27, 2021. Judge Grey issued the report and recommendation, ECF 18.

1

Court concludes that her arguments lack merit. Accordingly, the Court will overrule the objection, adopt the Report's findings, deny Smith's motion for summary judgment, and grant the Commissioner's motion for summary judgment.

## BACKGROUND

The Report properly details the events giving rise to Smith's action against the Commissioner. ECF 18, PgID 843–48. The Court will adopt that portion of the Report.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable

mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.*

## DISCUSSION

Smith first objected to the magistrate judge's finding that "the ALJ properly considered and cited specific reasons for finding that Plaintiff's migraines did not qualify under Listing 11.02" at step three. ECF 19, PgID 861. At step three, Smith had to make a prima facie showing that her impairments medically equaled all the requirements under Listing 11.02. *See Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 653 (6th Cir. 2009). In Smith's objection, she asserted only that "Plaintiff's headaches and the frequency thereof are amply documented throughout the record." ECF 19, PgID 861 (citation omitted). But as the Report correctly detailed, the frequency of her headache events was only "one of several" factors considered in determining whether a primary headache disorder meets Listing 11.02. ECF 18, PgID 851. The ALJ found that Smith lacked the necessary functioning limitations to medically equal the Listing 11.02 requirements and that she was likely suffering from "rebound headaches due to overusing her medication." ECF 12, PgID 72–73. Thus, the ALJ did not err in finding that Smith failed to meet the Listing 11.02 requirements.

What is more, Smith contended that the ALJ and the magistrate judge "turned a blind eye to the qualifications that Plaintiff put on her ability to perform [daily] activities." ECF 19, PgID 862. But the argument was raised for the first time in Smith's reply brief and is therefore waived. *Compare* ECF 15, PgID 795–98, *with* ECF 17, PgID 836–38.

Second, Smith argued that the magistrate judge incorrectly found that "the ALJ properly evaluated the opinion evidence" of Dr. Kriauciunas and Dr. Combs. ECF 19, PgID 862, 864. First, Smith contended that the ALJ's summary of the evidence was "too vague to permit review." *Id.* at 862–63. But the ALJ did more than "simply cit[e] consistency with the totality of the record." *Id.* at 863. Instead, the ALJ referenced both medical and nonmedical evidence to support its reliance on Dr. Kriauciunas's opinion. ECF 12, PgID 80. The references included Smith's "routine and conservative treatment," "mental status examinations [that were] unremarkable," ability "to engage in a wide range of daily activities," and ability to "take care of her teenage daughter." *Id.* Thus, contrary to Smith's objection, the ALJ did not merely "summarize evidence," ECF 19, PgID 863, and instead relied on substantial record evidence.

Smith's objection to the ALJ's reliance on Dr. Kriauciunas's "stale" opinion is also without merit. *Id.* at 863. Smith argued that the ALJ violated *Fisk v. Astrue*, 253 F. App'x 580, 585 (6th Cir. 2007) by failing to "provide indication that he considered the facts supplied [after the date of the stale opinion] before he [gave] greater weight to the opinion." *Id.* But here again, Smith made the argument for the

4

first time in her reply brief, and therefore the argument is waived. *Compare* ECF 15, PgID 800–06, *with* ECF 17, PgID 838–39. Even so, the ALJ detailed medical documentation and non-medical evidence that post-dated Dr. Kriauciunas's opinion and then found that it bolstered Dr. Kriauciunas's opinion. *See* ECF 12, PgID 75–80. Thus, the ALJ did not err in its reliance on the opinion. *See generally* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2) ("How [the Commission] consider[s] and articulate[s] medical opinions . . . for claims filed on or after March 27, 2017.").

Last, Plaintiff contended "that the ALJ failed to explain why the seemingly probative evidence . . . did not provide adequate support for the limitations identified by Dr. Comb's . . . in his examination." ECF 19, PgID 864. "The factors of supportability . . . and consistency . . . are the most important factors [the Commissioner] consider[s] when [it] determine[s] how persuasive [it] find[s] a medical source's medical opinions . . . to be." § 404.1520c(b)(2). The ALJ found Dr. Comb's opinion to be both "not supported by the objective medical evidence and . . . inconsistent with other evidence in the file." ECF 12, PgID 81. The ALJ then detailed unremarkable mental examinations and Smith's ability to engage in daily activities and caregiving responsibilities to explain why it discredited Dr. Comb's opinion. *Id.* Thus, the ALJ adequately explained its reasoning for finding Dr. Comb's opinion unpersuasive.

Beyond that, Smith argued that "there is a significant difference between doing minimal daily activities and performing work on a regular and continuing basis," and therefore the ALJ impermissibly conflated the two in discrediting Dr. Comb's opinion.

5

ECF 19, PgID 865. But the point ignored that the ALJ detailed evidence beyond Smith's daily activities. For instance, the ALJ specifically pointed to Smith's "unremarkable" "mental status examinations," "semi-skilled occupation[]" history, and ability to "take care of her teenage daughter." ECF 12, PgID 81. In all, the ALJ's finding was supported by substantial evidence in the record and the Court will overrule Smith's objection.

## CONCLUSION

The Court has reviewed the parties' motions, the Report, and Smith's objection. The Court finds Smith's objection unconvincing and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Smith's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Smith's objection [19] is **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [18] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Smith's motion for summary judgment [15] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment [16] is **GRANTED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: March 30, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 30, 2022, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager